# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LAVELLE HUNTLY MANNING,

Defendant-Appellant.

UNPUBLISHED
April 7, 2016

No. 325781
Grand Traverse Circuit Court
LC No. 14-011891-FH

Before: BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence following a guilty plea. Defendant pleaded guilty to a charge of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*). The trial court sentenced him to 3 to 20 years in prison. In light of this Court's decisions in *People v Shank*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 321534), and *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329), we remand for further proceedings consistent with *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with two counts of possession with intent to deliver less than 50 grams of cocaine or another narcotic, and one count of furnishing contraband to prisoners in jail, MCL 801.263(1). A habitual offender second offense notice was filed based on a 2007 cocaine-delivery conviction in Indiana. Defendant pleaded guilty to one count of possession with intent to deliver less than 50 grams of cocaine, admitting that on or about May 22, 2014, he was subject to a traffic stop and at the time he possessed cocaine on his person for the purpose of delivering it in exchange for money. Defendant acknowledged that he was on bond awaiting similar charges in Kent County, Michigan. The trial court imposed a minimum sentence of imprisonment for three years where the minimum sentencing guidelines range was 10 to 23

---

[1] *People v Manning*, unpublished order of the Court of Appeals, entered March 19, 2015 (Docket No. 325781).

months. Defendant's challenge on appeal relates solely to the trial court's departure from the recommended guidelines range in imposing his minimum sentence.

## II. STANDARD OF REVIEW

We review defendant's sentencing challenge under the "reasonableness" standard of review set forth in *Steanhouse*. *Id*. at ___; slip op at 35. Under that standard, " 'a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality, which require[d] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Shank*, ___ Mich App at ___; slip op at 2, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990) (alterations by *Shank* Court).

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense, *People v Houston*, 448 Mich 312, 321; 532 NW2d 508 (1995); (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, *id*. at 323; *Milbourn*, 435 Mich at 660, the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.; and (3) factors that were inadequately considered by the guidelines in a particular case, *id*. at 324. [*Steanhouse*, ___ Mich App at ___; slip op at 24.]

## III. ANALYSIS

On appeal, defendant argues that the upward departure was not supported by substantial and compelling reasons. See *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008). In light of the fact that *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), struck down "the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure," it is no longer necessary to review this argument. *Steanhouse*, ___ Mich App at ___; slip op at 21 n 14. However, we conclude that changes in the caselaw concerning the sentencing guidelines and departures from those guidelines warrant a remand for reexamination of defendant's sentence.

In this case, the trial court explained that an upward departure was justifiable because defendant's prior criminal conviction was for the same drug-related conduct as the sentencing offense. The court found troubling the fact that defendant continued to engage in distributing serious, addictive drugs, and that this fact was not considered by the guidelines, specifically prior offense variable 1, MCL 777.51, because his score on that variable would be the same regardless of the nature of defendant's prior conviction.

Despite the fact that the trial court's analysis has some applicability to many of the factors relevant under the principle of proportionality, because "the trial court did not have the benefit of our Supreme Court's decision in *Lockridge*" and "the sentence departure centered on the then existing substantial and compelling reason standard which was overturned by *Lockridge*," *Shank*, ___ Mich App at ___; slip op at 3, we remand for a *Crosby* review. On remand, defendant may forego reexamination of his sentence, in which case he must promptly

notify the trial court of that decision. *Steanhouse*, ___ Mich App at ___; slip op at 25. "If notification is not received in a timely manner, the trial court shall continue with the *Crosby* remand procedure . . . ." *Id.* (citation and internal quotation marks omitted). Further, if defendant does seek reexamination of his sentence, the trial court should consider not only the proportionality of the departure itself but the proportionality of the extent of the departure. See *Steanhouse*, ___ Mich App at ___; slip op at 24; see also *People v Smith*, 482 Mich 292, 305-306; 754 NW2d 284 (2008) (stating that a trial court must provide "an explanation for the *extent* of the departure independent of the reasons given to impose a departure sentence" and that this requirement stems from the "principle of proportionality").

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

-3-